478 P.2d 113

Anthony KOMADINA, Principal of Marana High School, Dean Wolfe, President of the Board of Education, Marana School District, the Board of Education, Marana School District, and Each Member Thereof, Appellants,

v.

Mark D. PECKHAM, by and through his guardian ad litem, Anne Peckham, Appellee.

No 2 CA–CIV 814.

Court of Appeals of Arizona, Division 2.

Dec. 23, 1970.

Rehearing Denied Jan. 15, 1971.

Review Denied Feb. 23, 1971.

Appellee had been refused admission to the high school because the length of his hair exceeded the standards set forth by the Board of Education in the Student Dress Code.

This appeal was taken from an order ordering the enrollment of the student on the grounds that the order of the Marana High School principal was unreasonable and arbitrary.

The School Board of Marana School District No. 6, at its meeting held September 7, 1965, adopted a resolution amending the student handbook relating to campus attire and containing the following provisions:

> "All students shall groom themselves in an acceptable manner."

It is not clear if this resolution actually found its way into the student handbook or if appellee had notice thereof. The interpretation and enforcement of this provision was left to the principal, Mr. Komadina. There was no printed regulation or rule defining an "acceptable manner of grooming," but Mr. Komadina testified that hair to the top of the collar or shirt was an acceptable length and that sideburns should not exceed the bottom *or* the middle of the ear. This particular provision is certainly indefinite and vague.[1]

Also in evidence is the regulation of Tucson School District No. One, which includes Tucson High School, and which merely contains the provision:

> "A pupil's mode of dress and grooming must be suitable and appropriate to the school environment."

Appellate courts are usually not in a position to actually view or see the subject of litigation, but in this case we have exhibits by way of photographs showing the hair and sideburns of the young man, and we must observe that we have seen, far and

Rose Silver, Pima County Atty., by Gerald Sweeney, Deputy County Atty., and Lawrence Ollason, Sp. Deputy County Atty., Tucson, for School Affairs, for appellants.

Erik M. O'Dowd and Charles M. Giles, Tucson, for appellee.

KRUCKER, Judge.

Appellants, by a writ of mandamus, were ordered to register and enroll the appellee, Mark D. Peckham, in Marana High School.

1. The matter of the length of a person's ears could make a variance of perhaps two inches between a short-eared person and a long-eared person. Similarly, the position of a person's ears on his head —either high or low—could create such a variance.

wide; sideburns and hair a great deal longer, and perhaps more objectionable, than that displayed by appellee (including many lawyers appearing before this court).

[A3337]

[A3338]

It must also be noted that the evidence discloses a degree of indefiniteness as to hair length. If a regular shirt collar is worn, the hair length would vary to a considerable degree as opposed to one wearing a sweater or tee-shirt type of collar.

As Judge Coffin, speaking for the United States Court of Appeals, First Circuit, expressed so ably, there is "a thicket of recent cases concerning a student's wearing of long hair. * * *" Richards v. Thurston, 424 F.2d 1281, 1282 (1st Cir. 1970).

■ Aside from the question of notice, we must look at the burden of proof. The burden is on the school board to show that the hair style in this particular case would materially and substantially interfere with the requirement of appropriate discipline in operating the school. Richards v. Thurston, supra. There is a lack of proof that the hairdo and sideburns in question would in any way interfere with normal school operation. Nor is there any question of health or morals involved in the case before us.

We must next deal with the constitutional questions and we immediately become involved with not only the Fourteenth Amendment of the United States Constitution, but all of the first ten amendments. A complete discussion of all of the constitutional provisions and ramifications could easily turn this opinion into a treatise on constitutional law of great length. This we do not wish to do. For a full discussion of the constitutional questions involved and the interpretation of the various amendments, see the discussion of the "Nature of Rights Retained" and the "Enumerated Rights" ably discussed in Kirven, "Ninth Amendment Rights", 14 S.D.L.Rev. at 84–91 (1969). *See also,* Redlich, "Are There 'Certain Rights * * * Retained by the People'?", 37 N.Y.U.L.Rev. 787 (1963).

■ Many cases hold that the wearing of long hair may not be prohibited as long as it does not interfere with school discipline, safety standards or cause breach of the peace, and the hair is clean and properly groomed. E. g., Richards v. Thurston, supra; Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. denied, 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed.2d 268 (1970); Westley v. Rossi, 305 F.Supp. 706 (D.Minn.1969). Deviating hair styles in no way indicate a lack of good conduct, decorum or virtue. Nor does short hair necessarily indicate moral excellence, integrity or nobleness.

A regulation as to clothing might well be appropriate as clothing may be changed or discarded upon departure from the school premises, but hair cannot be changed from day to day or hour to hour.

■ We find no abuse of discretion on the part of the trial judge. We also find that the action of the school principal was

unreasonable and arbitrary and a violation of the retained rights of an individual in an absence of a showing of the justification of the rule.

Judgment affirmed.

HOWARD, C. J., concurs.

HATHAWAY, Judge (concurring in the result for different reasons).

A.R.S. § 15–302, subsec. A provides that the school board "shall unless otherwise provided by law admit children between the age of six and twenty-one years who reside in the district." A.R.S. § 15–302, subsec. D permits the board to "exclude children of filthy or vicious habits or children suffering from contagious or infectious diseases." There is no showing that the appellee falls into the excludable category.